PHYLLIS ANN MILLER, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

462 S.W.2d 263.

Court of Criminal Appeals of Tennessee. Oct. 9, 1970.

Certiorari Denied by Supreme Court Jan. 4, 1971.

James E. Eikner, Jr., Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Ewell C. Richardson and J. L. Patterson, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

RUSSELL, Judge.

Phyllis Ann Miller was tried and convicted of robbery with a deadly weapon, and her punishment fixed by the jury at thirty years in the penitentiary.

The first two assignments of error go to the sufficiency of the convicting evidence. No such question is presented by this record. Her own confession and her own testimony admit her participation in the robbery.

■ The third assignment complains of the tender of a witness by the State. The defendant dropped the pistol used in the robbery during her flight from the scene. It was found by a six year old girl, who discharged it in playing with it. The State presented this child as a witness; but, when the trial judge was unable to get a response to his questions designed to test her qualifications as a witness, the State withdrew her. This action is characterized as a ploy to turn sympathy for the child into prejudice against the defendant. We do not agree. The child was potentially a legitimate witness. When it became obvious that her understanding of the role was subject to question, the State withdrew her. Had she been able to correctly answer the judge there can be no serious question about the relevancy and materiality of her testimony; and yet, in that context, all of the "prejudice" that the defendant attaches to her appearance would have been present. We do not find that the State's attempt to introduce her testimony to have been improper.

■ In connection with this same matter, it is assigned as error that the prosecuting attorney "referred repeatedly to the horrible likelihood that the child could have been injured, until counsel for the defense requested that the Court instruct this State's attorney to refrain from dwelling upon this completely collateral aspect of the proof, which request was granted by the Court. However, this tactic was persisted in by indirection in the remaining closing remarks of Mr. Patterson."

We do not have counsel's argument in the Bill of Exceptions. Further, it appears that the only objection made was sustained. This assignment is overruled.

■ ■ The assignment most forcefully argued upon this appeal is the final one; that is, that the thirty year penitentiary sentence set by the jury is excessive. The main predicate for this position is the statement of counsel that the male actor in the armed robbery, one Phil Beasley, received only ten years upon his plea of guilty, before the same judge, only a short time after this trial. Beasley was a State's witness against Phyllis Ann Miller. The only thing in this record touching upon this matter appears in the examination of Beasley. He admitted that some conversations had been had between his attorney and the State, but denied that any deal had been made to procure his testimony.

Except for the bare statement of counsel, we have no way of knowing what happened to Beasley's case. This is necessarily so, because unless his testimony was false and illegal because of taint, then what happened in his case is legally irrelevant to what happened in this case.

We find nothing in this record to support a finding that Beasley's testimony was perjury, obtained by the promise of a ten year sentence. This leaves us to consider, then, only the question of whether or not the punishment set by the jury for Phyllis Ann Miller is excessive. We think not. The crime for which she stands convicted carries a maximum penalty of death by electrocution. She had a prior felony conviction in another State.

The judgment of the trial court is affirmed.

WALKER, P. J., concurs.